UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM C. BUSSEY,

                          Plaintiff,

    v.                                                         9:23-CV-76
                                                                       (DNH/ATB)

SERGEANT FOX,

                          Defendant.
_____

WILLIAM C. BUSSEY, Plaintiff, pro se
MARK J. DOLAN, Asst. Attorney General, for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      Plaintiff filed this civil rights action on March 3, 2023, alleging various constitutional violations that occurred while he was incarcerated at Wallkill Correctional Facility ("Wallkill C.F."), in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Upon initial review of the complaint, Judge Hurd ruled that only plaintiff's First Amendment retaliation claim against defendant Fox could proceed. (Dkt. No. 4 at 10-12).

      Presently before the court is defendant Fox's motion to dismiss the sole surviving cause of action for failure to state a claim. (Dkt. No. 12-1). Plaintiff responded in opposition to the motion on June 20, 2023 (Dkt. No. 15), and defendant filed a reply on June 30th (Dkt. No. 18). This motion has been referred to me for Report and Recommendation by United States District Judge David N. Hurd, pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). For the reasons set forth below, the court

recommends granting defendant's motion to dismiss and dismissing plaintiff's only remaining claim.

## I.     Factual Contentions

On November 27, 2021, plaintiff engaged in a verbal altercation with defendant Sergeant Fox ("Sgt. Fox") concerning Sgt. Fox's alleged refusal to wear a mask during the COVID-19 pandemic. (Compl. ¶¶ 1-2). Sgt. Fox "tossed a few of [plaintiff's] possessions around" and told plaintiff, "I'm going to get you." (*Id.* ¶¶ 2-3).

On November 28, 2021, plaintiff was transferred to quarantine in another unit because he was allegedly in contact with a civilian who tested positive for COVID-19. (*Id.* ¶ 4). On November 30, 2021 and December 2, 2021, plaintiff tested negative for COVID-19. (*Id.* ¶ 5).

On December 1, 2021, plaintiff "called OSI/IG" and complained that Sgt. Fox was motivated to retaliate against plaintiff and was responsible for plaintiff's transfer to quarantine. (*Id.* ¶ 8). On December 12, 2021, plaintiff was released from quarantine. (*Id.* ¶ 11). On December 13, 2021, plaintiff reported to work where his supervisor informed plaintiff that "no one had COVID-19." (*Id.* ¶ 12). That same day, plaintiff was directed to report to medical and was advised that he was in contact with inmates who tested positive for COVID-19. (*Id.* ¶ 14). Plaintiff returned to quarantine where he remained until December 28, 2021. (*Id.* at 29). On January 8, 2022, an individual from the Office of Special Investigations ("OSI") interviewed plaintiff regarding his complaint about Sgt. Fox. (Compl. ¶ 9). The investigator also had a copy of plaintiff's letter to Anthony Annucci, then the DOCCS Superintendent. (*Id.*).

On January 11, 2022, plaintiff filed a grievance claiming he was placed in quarantine due to false information. (Compl. ¶ 15). Plaintiff sought information related to why he was isolated and who directed that he be placed in quarantine. (*Id.* ¶ 17). The grievance was denied, and plaintiff was advised that the information he sought was "protected by HIPPA." (*Id.* ¶ 18). On February 29, 2022, plaintiff wrote a letter to the Nurse Administrator. (*Id.* ¶ 23). On March 3, 2022, plaintiff received a letter from Nurse Administrator P. Susen advising him that the decision to place plaintiff in quarantine was based upon information received "by medical" and "could have been related [sic] to the Watch Commander, by any Nurse or provider in medical." (*Id.* ¶ 24).

## II.   Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71 (2d Cir. 1995). The

court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc.*, 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).

## DISCUSSION

### III. Retaliation

#### A. Legal Standards

To state a First Amendment claim of retaliation, an inmate must allege facts plausibly suggesting that (1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected conduct and the adverse action. *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citations omitted). The court must keep in mind that claims of retaliation are "easily fabricated" and "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." *Faulk v. Fisher*, 545 F. App'x 56, 58 (2d Cir. 2013) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). In other words, we must examine prisoners' claims of retaliation with "skepticism and particular care." *Rivera v. Goord*, 119 F. Supp. 2d 327, 339 (S.D.N.Y.

4

2000) (quoting *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).  Accordingly, a First Amendment retaliation claim must be supported by "specific and detailed factual allegations," and not stated in "wholly conclusory terms."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d. Cir. 2015) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 (2002)).

In order to satisfy the final prong, "the causal connection must be sufficient to support an inference that the protected conduct played a substantial part in the adverse action."  *Cruz v. Grosso*, No. 9:13-CV-30 (FJS/TWD), 2014 WL 2176256, at *6 (N.D.N.Y. May 23, 2014) (citing *inter alia Colon*, 58 F.3d at 873).  Several factors may be considered in determining whether a causal connection exists between the plaintiff's protected activity and a prison official's actions, including temporal proximity between the protected activity and the alleged retaliatory act, and statements by the defendant concerning his or her motivation.[1]  *Cruz*, 2014 WL 2176256, at *6 (citing *Colon*, 58 F.3d at 872-73).  However, temporal proximity alone is not enough to establish a causal connection.  The Second Circuit has held that where "timing is the only basis for a claim of retaliation . . . an inference of retaliation does not arise."  *Thomas v. Waugh*, No. 9:13-CV-0321 (MAD/TWD), 2015 WL 5750945, at *15 (N.D.N.Y. Sept. 30, 2015) (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).

**B.   Analysis**

Plaintiff contends that he was placed in quarantine in retaliation for "challenging Sgt[.] Fox as to why he wasn't wearing his mask" during the Covid-19 pandemic.

---

[1] This court recognizes the existence of other factors, as discussed in *Colon*, applicable only when the alleged adverse action is the issuance of a misbehavior report.

5

(Compl. ¶ 8). For the purposes of this motion, defendant has stipulated "that [p]laintiff's 'verbal altercation' with Sgt. Fox constitutes 'protected activity' for a claim of First Amendment retaliation." (Def.'s Mem. at 6). However, defendant argues that dismissal is warranted because plaintiff has failed to plausibly allege the remaining elements of his First Amendment retaliation claim.

With respect to the second prong of plaintiff's retaliation claim, an adverse action in the prison context is defined as one that would "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). If the action would not deter an individual of ordinary firmness from making a complaint, the retaliatory act is de minimis and outside the realm of constitutional protection. *Id.* (quoting *Dawes v. Walker*, 239 F.3d 489, 493 (2001)).

It is well settled that confinement in administrative segregation, and the resulting loss of privileges, constitutes "adverse action because it would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004). In this case, however, plaintiff was not placed in administrative segregation, but was removed from the general population and placed in medical quarantine in light of the risks posed by his purported exposure to the Covid-19.

Plaintiff alleges he was placed in quarantine for thirty-one days. (Compl. ¶ 16). There, plaintiff admits that he was able to communicate with other incarcerated individuals through a day-room window during recreational hours. (Compl. ¶ 6). Although plaintiff apparently did not have regular access to the phone during

6

quarantine, he alleges that he was able to communicate with his counselor. (Pl.'s Mem. at 2). Additionally, while he was in quarantine, plaintiff was able to communicate with the Office of Special Investigations and lodge a complaint against Sgt. Fox. (Compl. ¶ 8). On these facts, the court has doubts as to whether plaintiff has sufficiently alleged that his placement in quarantine constituted an adverse action. *See Hannon v. Skipper*, No. 1:21-CV-666, 2022 WL 405877, at *3 (W.D. Mich. Feb. 10, 2022) ("The placement of a prisoner who had been in close contact with a COVID-positive prisoner on a floor housing other prisoners who had been in similar contact with a COVID-positive prisoner would not deter a person of ordinary firmness from engaging in protected conduct."); *but see Hughes v. Butt*, No. 9:17-CV-1151 (DNH/ML), 2019 WL 6970794, at *16 n. 20 (N.D.N.Y. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 6914776 (N.D.N.Y. Dec. 19, 2019) (discussing that it is "not entirely clear whether moving an inmate from the general population to a medical unit may be considered an adverse action," where the medical unit where plaintiff alleges that he was transferred had "several fewer privileges than the general population[.]").

At this juncture, however, the court need not determine whether plaintiff has sufficiently alleged an adverse action, much less whether he has sufficiently plead a causal connection between his protected conduct and the purported adverse action. "To survive a motion to dismiss, a plaintiff asserting a Section 1983 claim must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation." *Quinones v. New York City*, No. 19-CV-5400, 2022 WL 4795235, at *6 (S.D.N.Y. July 26, 2022), *report and recommendation adopted*, 2022 WL 4787402 (S.D.N.Y. Oct. 3, 2022) (citing *Spavone v. New York State Dep't of Corr. Serv.*, 719

7

F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation omitted).  Indeed, a plaintiff must plead that the defendant had "direct and personal involvement in the alleged constitutional deprivation."  *Tripathy v. City of New York*, No. 20-CV-1646, 2020 WL 3578198, at *4 (S.D.N.Y. June 30, 2020).

In this case, plaintiff alleges that he had a verbal altercation with Sgt. Fox regarding the use of masks, during which Sgt. Fox purportedly made a general remark that he was "going to get" plaintiff.  However, the complaint does not allege any facts from which the court can plausibly infer that Sgt. Fox was personally involved in the decision to place plaintiff in quarantine the following day.  Plaintiff does not allege any facts suggesting that Sgt. Fox knew of, ordered, or was otherwise involved with his transfer to medical quarantine, nor does he allege that any other correctional officer or medical provider suggested that Sgt. Fox was involved in the decision to quarantine plaintiff.

In his response to the defendant's motion to dismiss, plaintiff alleges, for the first time, that Sgt. Fox "conspired with" Sgt. Stribiki to place plaintiff in quarantine.  (Dkt. No. 15 at 6).  Plaintiff has, however, failed to support this entirely conclusory allegation, and claims of conspiracy that are vague and provide no basis in fact must be dismissed.  *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that a prisoner's conspiracy-to-retaliate claim was properly dismissed because such claim was "unsupported, speculative, and conclusory") (internal quotation marks omitted); *see also Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se

8

complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'") (citation omitted).

Because plaintiff has failed to plead Sgt. Fox's personal involvement in the alleged adverse action, plaintiff's retaliation claim against him should be dismissed. *See Quinones v. New York City*, No. 19-CV-5400, 2022 WL 4795235, at *7 (S.D.N.Y. July 26, 2022), *report and recommendation adopted*, 2022 WL 4787402 (S.D.N.Y. Oct. 3, 2022) (despite sufficiently pleading facts to establish a causal connection between his protected speech and the alleged adverse action – that plaintiff was fired from his job in the kitchen because he filed a grievance against defendant Bishop - plaintiff's complaint was subject to dismissal where the complaint failed to allege any facts from which to infer that defendant Bishop was personally involved in the decision to terminate plaintiff from his work assignment).

## IV. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. Jan. 28, 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000)).

### B. Analysis

It is conceivable that better pleading may cure the defects in plaintiff's surviving claim.  Therefore, if the District Court adopts my recommendation to grant defendant's motion to dismiss, then I further recommend that dismissal of those claims be without prejudice to plaintiff amending his complaint, solely to address the deficiencies identified herein with respect to his remaining claim, within thirty (30) days of the order approving this Report-Recommendation.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED,** that defendant's motion to dismiss (Dkt. No. 12) be **GRANTED**, and the sole remaining claim in plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**, and that, if this recommendation is adopted, plaintiff be afforded an opportunity to amend his complaint, solely to address the deficiencies identified herein with respect to his remaining claim within 30 days, and it is further

**ORDERED** that a copy of this Order and Report-Recommendation be served by mail upon plaintiff at his address of record.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 16, 2023

_____
Andrew T. Baxter
U.S. Magistrate Judge