UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM C. BUSSEY,

        Plaintiff,

        -v-                         9:23-CV-76

SERGEANT FOX,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

WILLIAM C. BUSSEY
Plaintiff, Pro Se
18-A-1476
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

HON. LETITIA JAMES             MARK J. DOLAN, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

    On January 20, 2023, *pro se* plaintiff William Bussey ("plaintiff"), then an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Wallkill Correctional Facility, filed

this 42 U.S.C. § 1983 action alleging that corrections officials violated his civil rights. Dkt. No. 1. Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On March 3, 2023, this Court granted plaintiff's IFP Application, reviewed his pleading, and concluded that plaintiff had adequately alleged a claim for First Amendment retaliation against defendant Fox. Dkt. No. 4. Although plaintiff had asserted other claims against other defendants, all of those causes of actions were dismissed. *Id*. Thereafter, defendant Fox moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the remaining cause of action. Dkt. No. 12. Plaintiff opposed, Dkt. No. 15, and defendant replied, Dkt. No. 18.

On August 16, 2023, U.S. Magistrate Judge Andrew T. Baxter advised by Report & Recommendation ("R&R") that defendant's motion to dismiss be granted and that plaintiff's complaint be dismissed. Dkt. No. 22. As Judge Baxter explained, plaintiff's complaint failed to plausibly allege defendant's personal involvement with the allegedly adverse act that plaintiff identified in his pleading; *i.e.*, another official's decision to place plaintiff in quarantine following plaintiff's verbal altercation with defendant. *Id*. However, because Judge Baxter believed that better pleading might give rise to a plausible claim, the R&R recommended that the dismissal be without prejudice. *Id*.

Neither party has filed objections, and the time period in which to do so has expired. *See* Dkt. No. 22. Upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendants' motion to dismiss is GRANTED;

3. Plaintiff's complaint is DISMISSED without prejudice;

4. Plaintiff shall have thirty (30) days in which to file an amended complaint in accordance with Judge Baxter's R&R and this Order;

5. If plaintiff files an amended complaint within this thirty-day period, the matter shall be REFERRED to Judge Baxter for further action; and

6. If plaintiff does not file an amended complaint within this thirty-day period, the Clerk of Court is directed to enter a judgment and close the file without further Order of this Court.

IT IS SO ORDERED.

Dated: September 11, 2023
Utica, New York.

David N. Hurd
U.S. District Judge